In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00117-CR

                                                ______________________________

 

 

                            TIMOTHY ANDREW HORNSBY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the Fourth
Judicial District Court

                                                              Rusk County, Texas

                                                         Trial Court
No. CR09-271

 

                                                       
                                           

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Timothy
Andrew Hornsby appeals his conviction for possession of a controlled substance,
methamphetamine, in an amount of four grams or more but less than 200
grams.  Hornsby signed a stipulation of
the evidence, a waiver of his right to a jury trial, and written
admonishments.  Hornsby pled guilty
before the court without a negotiated plea agreement.[1]  The trial court found Hornsby guilty and
sentenced him to ten years’ imprisonment. 
Hornsby’s issue on appeal is a request that we reform the judgment to be
consistent with the trial court’s oral pronouncement.  The State filed a letter with this Court
declining to file a brief and commenting that the State did not oppose an order
that the defendant receive “drug treatment.”  


            At the
sentencing hearing, the following colloquy occurred:

 

            [Defense
Counsel]:  Now, you have a lot of health
problems.

 

            [Hornsby]:  Yes, sir.

 

                        . . . .

 

            [Hornsby]:  I have COPD real bad.  You know, I have a hard time breathing.  I’ll have to take breathing treatments
several days.  I have a bad back, a bad
left knee, and bad right ankle.

 

            [Defense
Counsel]:  Are you on disability?

 

            [Hornsby]:  Yes, sir.

            [Defense
Counsel]:  And you were selling drugs out
of your house?  

 

            [Hornsby]:  Yes, sir.

 

            [Defense
Counsel]:  Why were you doing that?

 

            [Hornsby]:  To help supplement my income and all.

 

The trial court pronounced sentence as follows:

 

            THE COURT:  . . . Timothy Andrew Hornsby, defendant in
Cause Number CR2009-271, the Court having found you guilty of the offense of
possession of a controlled substance, a second degree felony, which the Court
finds occurred on April 7, 2009, the Court having found you guilty of the same
on that date in Rusk County, Texas, as alleged in the indictment, hereby
assesses your sentence at ten years confinement in the Institutional Division
of the Texas Department of Criminal Justice with credit for time served.  And I will order, if possible, because of any
health problems that he be sentenced to the - - it’s not SAFPF - - what is
it?  Medical Wing?

 

            .
. . .

 

            THE COURT:             I’ll find that he has health problems that significantly
contribute[d] to the commission of the offense and order him to the health care
wing, if possible.

 

The trial court’s written judgment omits any reference to
the “health care wing.”

 

            “A trial
court’s pronouncement of sentence is oral, while the judgment, including the
sentence assessed, is merely the written declaration and embodiment of that
oral pronouncement.”  Ex parte Madding, 70 S.W.3d 131, 135
(Tex. Crim. App. 2002).  “When there is a
conflict between the oral pronouncement of sentence in open court and the
sentence set out in the written judgment, the oral pronouncement controls.”  Thompson
v. State, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).  When the matter has been called to an
appellate court’s attention by any source, an appellate court has the authority
to modify a judgment “to make the record speak the truth.”  French
v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); see Tex. R. App. P. 43.2(b).

            We find no
inconsistency between the trial court’s oral and written pronouncement.  We note the trial court stated that Hornsby
should be placed in the health care wing of the Texas Department of Criminal
Justice “if possible.”  We interpret that
as a recommendation by the trial  judge,
but not an order attempting to require the Department to do so.  There was no mention of “drug treatment” in
the oral pronouncement.  

            Medical
treatment is provided by the Texas Department of Criminal Justice to inmates as
needed.  It is the purview of the
executive branch of government to determine if medical treatment is required
and “whether treatment given is medically necessary.”  Tex.
Gov’t Code Ann. § 501.051(e)
(West 2004); see Hernandez v. State, No. 03-07-00161-CR, 2008 Tex. App. LEXIS 5810
(Tex. App.—Austin Aug. 1, 2008, no pet.) (mem. op., not designated for
publication) (boot camp recommendation subject to TDCJ-CID determination of
eligibility for program).  We decline to modify
the judgment as requested.  

             We note that the judgment provides the “Statute
for Offense:  418 HSC.”  We modify the judgment to reflect that the
statute for the offense is Section 481.115(d) of the Texas Health and Safety
Code.  See Tex. Health & Safety
Code Ann. § 481.115(d) (West 2010); see
also Tex. Health & Safety Code
Ann. § 481.102(6) (West 2010).

            We
modify the judgment as specified above and affirm the judgment as modified.

 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          October
21, 2011

Date Decided:             October
27, 2011

 

Do Not Publish 

 

 

 











[1]We
note that the trial court’s certification of Hornsby’s right to appeal
specifies that Hornsby pled guilty pursuant to a plea bargain, but the trial
court had granted permission to appeal. 
The judgment and the reporter’s record, however, establish that Hornsby
pled guilty without a negotiated plea agreement.  During the plea hearing, Hornsby replied, “Yes,
sir,” when the trial court inquired, “Do you understand, and it is my
understanding, that there’s no plea bargain agreement in place; is that
correct?”  There is no evidence in the record
that the State agreed to reduce the charges in exchange for Hornsby’s plea of
guilty.